# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **DEVON LAMARR NIMOCK,** | } |
| **Plaintiff,** | } |
| v. | } |
|  | } Case No. 6:12-CV-00572-RDP-TMP |
| **WALKER COUNTY DISTRICT COURT,** | } |
| **Defendant.** | } |

## ORDER AND FINAL JUDGMENT

On December 7, 2012, the Magistrate Judge filed his Report and Recommendation in the above-styled action recommending that this court dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted. (Doc. # 12). Although objections to the Report and Recommendation were due to be filed within fifteen (15) days, *see* Fed. R. Civ. P. 72(b), no objections were filed.[1]

Having now carefully reviewed and considered *de novo* all of the materials in the court file,[2] including the Report and Recommendation, the court is of the opinion that the Magistrate Judge's Report is due to be and hereby is **ADOPTED** and the Recommendation is **ACCEPTED**.

---

[1] The court notes that in his Complaint, Plaintiff sought to be released from the Walker County Jail. The court further notes that the docket reflects that mail addressed to Plaintiff at the Walker County Jail was returned as undeliverable.

[2] The court notes that it was not required to conduct an independent review of the Report and Recommendation in this case because no party has filed objections. Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985)("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Nonetheless, the court has carefully reviewed the Magistrate Judge's Report and agrees with his conclusions.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2) for failure to state a claim for which relief can be granted.

The Clerk of the Court is **DIRECTED** to mail a copy of this order to Plaintiff at the address listed on the docket sheet, as well as that address listed in his Complaint: 1203 G Beacon Pkwy E, Birmingham, AL 35209.

**DONE** and **ORDERED** this ___3rd___ day of January, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk

In Replying Give Number
Of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $450 docket fee plus $5 filing fee (for a total of $455) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $455 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $455 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $455 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $455 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $455 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN
Clerk

PLRA Notice